**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

**UNITED STATES OF AMERICA**      **:**

                                             **1:12-CR-194**

                                **:**

      **v.**

                                **:**      **(JUDGE MANNION)**

**JOHN RAWLS,**                      **:**

      **Defendant**          **:**

## MEMORANDUM

### I.    BACKGROUND

On September 21, 2020, defendant John Rawls, an inmate who is serving a 120-month federal sentence, (*see* January 22, 2015 Judgment, Doc. 1063), and who was transferred on August 26, 2020 to Dismas Charities, a Residential Reentry Center ("RRC") in Atlanta, Georgia, filed, *pro se*, a Motion for Compassionate Release under 18 U.S.C. §3582(c)(1)(A). He requests the court to reduce his remaining sentence to time served due to his medical conditions and the COVID-19 pandemic. (Doc. 1403). Specifically, Rawls states that he is a 49 year old African American with "serious medical infirmities", namely, hypertension, heart diseases, and varicose veins, and that he is "among the most vulnerable people subjective (sic) to death in light of the dangerous virus." He also alleges that he is within the groups which the CDC has identified as "most in danger of contracting

1

the deadly COVID-19 virus." Rawls attached as an exhibit to his motion a Declaration from Dr. Jaimie Meyer, from Yale Medical School, regarding the increased risks ICE detainees held in New York City prisons face from the COVID-19 virus. The Declaration does not address Rawls nor his RRC. Rawls also appears to allege that he is not safe from the virus at the RRC. Rawls further states that he has taken a number of courses while in prison, including drug rehabilitation courses and several hours of RDAP, and that he has a job with UNICOR. Rawls correctly states that his projected release date from prison is July 29, 2021. *See* https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results.

On September 23, 2020, the court directed the government to respond to defendant's motion by October 7, 2020, (Doc. 1404), and the government timely filed its brief in opposition to Rawls' motion, with attached Exhibits, including a Declaration regarding exhaustion and copies of defendant's BOP medical records, which the court directed to be filed under seal. (Docs. 1405 & 1407).

On November 10, 2020, Rawls filed a reply brief with attached Exhibits, including copies of his BOP medical records and a copy of his Inmate Request. (Doc. 1411 & Exs. 1 & 2).

For the reasons set forth below, Rawls' motion for compassionate release under 18 U.S.C. §3582(c)(1)(A)(i), will be dismissed without prejudice due to his failure to exhaust his prison administrative remedies

under §3582(c)(1)(A)(i), since he filed his present motion before he allowed the Warden 30 days to respond to his alleged request.[1]

---

[1]To the extent Rawls, who is proceeding *pro se*, is liberally construed as also seeking release from prison under the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), Pub. L. 116-136, §12003, based on his references to the Act in his filings, the court does not have authority to grant his request for relief and order the BOP to release him to home confinement. *See* United States v. McCann, 2020 WL 1901089, *3 (E.D. Ky. April 17, 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court has no authority under this provision to order that a prisoner be placed on home confinement.") (citation omitted). *See also* United States v. Logan, 2020 WL 2559955, *2 (W.D. N.C. May 20, 2020) ("The Defendant alternatively moves the Court to order his release to home confinement due to the ongoing COVID-19 pandemic. This request, however, must also be denied. The discretion to release a prisoner to home confinement lies solely with the Attorney General."). Further, after a defendant is sentenced to imprisonment by the court, the BOP is solely responsible for determining the defendant's place of incarceration. *See* 18 U.S.C. §3621(b); 18 U.S.C. §3624(c). *See also* United States v. Delacruz, 2020 WL 3405723, *4 (M.D. Pa. June 19, 2020) ("[T]he Court is without authority to control the BOP's placement of Defendant—the Court can neither directly assign Defendant to home confinement nor direct the BOP to do so."); United States v. Powell, 2020 WL 2848190, *2 (E.D. Pa. June 2, 2020) ("[T]o the extent that [defendant] seeks to appeal the prison's denial of home confinement, such decision is not reviewable by this Court.") (citing 18 U.S.C. §3621 ("[A] designation of a place of imprisonment ... is not reviewable by any court.")).

3

## II.   DISCUSSION[2]

The court will first consider the exhaustion issue since "18 U.S.C. §3582 (c)(1)(A) contains a threshold exhaustion requirement." United States v. Schultz, 454 F.Supp.3d 217, 220 (W.D. N.Y. April 15, 2020). *See also* United States v. Gadsden, 2020 WL 3871083, *1 (W.D. Pa. July 9, 2020) ("In United States v. Raia, 954 F.3d 594 (3d Cir. 2020), the court of appeals held that district courts cannot consider requests for compassionate release under the First Step Act until a prisoner has exhausted his administrative remedies.").

The government asserts that Rawls' motion for compassionate release under 18 U.S.C. §3582(c)(1)(A), should be dismissed without prejudice since he has failed to exhaust administrative remedies and that the court lacks authority to grant his request for release from prison. (Doc. 1405). Specifically, the government states in its brief, (Doc. 1405 at 8), that:

> Rawls has not satisfied 18 U.S.C. §3582(c)(1)(A)'s exhaustion requirement. As noted above, the BOP has no record that Rawls submitted a compassionate-release request to the BOP. *See* Ex. 1 [Doc. 1405-1], Kerr Decl. And Rawls does not assert that he property exhausted. The Court should therefore deny Rawls' motion without prejudice.

---

[2]After Rawls pleaded guilty to conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §846 (count 1), and conspiracy to commit money laundering, in violation of 18 U.S.C. §1956(h) (count 2), he received a 120-month prison sentence on January 22, 2015. (Doc. 1063). No term of supervised release following Rawls' prison sentence was imposed by the court.

The government's Ex. 1, (Doc. 1405-1), is the September 28, 2020 Declaration, under 28 U.S.C. §1746, of Jonathan Kerr, Supervisory Attorney for the FCC Allenwood Consolidated Legal Center, in which he avers that "[a] review of the national Reduction in Sentence ("RIS") database, the Administrative Remedy SENTRY database, and subsequent confirmation from the Residential Reentry Manager over the contract RRC reveals Mr. Rawls has not submitted a RIS/compassionate release request in accordance with 18 U.S.C. §3582(c)(1)(A)." Accordingly, the government contends that Rawls' motion should be dismissed without prejudice since it is premature.

No doubt that the court must "confirm that exhaustion is satisfied because [the Third] Circuit has held that §3582(c)(1)(A)'s exhaustion requirement is mandatory." United States v. Davidson, 2020 WL 4877255, *5 (W.D. Pa. Aug. 20, 2020) (citing United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) (mandating "strict compliance" with §3582(c)(1)(A)'s exhaustion requirement)).

"The defendant carries the burden of showing that he or she is entitled to a sentence reduction under the statute." Schultz, 454 F.Supp.3d at 219 (citation omitted). "A defendant proceeding on his or her own motion may meet that burden by demonstrating (1) that he or she satisfied the statutory exhaustion requirement, (2) that extraordinary and compelling reasons exist for a sentence reduction, and (3) that a sentence reduction is consistent with the applicable Sentencing Guidelines provisions." Id. (citations omitted).

"Prior to petitioning a court for relief under §3582(c), a defendant must first file an administrative request for compassionate release with the warden of their facility and then either: (1) fully exhaust BOP's administrative remedies; or (2) wait thirty (30) days from the date their administrative request was filed with the warden." <u>Davidson</u>, 2020 WL 4877255, *5. Thus, "[a] prisoner may file a motion for compassionate release with the sentencing court 'after [he or she] has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, **whichever is earlier**.'" <u>United States v. Harris</u>, 973 F.3d 170 (3d Cir. 2020) (citing 18 U.S.C. §3582(c)(1)(A) (emphasis original). Further, "the [compassionate release] statute states that the defendant may file the motion thirty days after the warden receives his request." *Id.* (citing <u>United States v. Raia</u>, 954 F.3d 594, 595 (3d Cir. 2020) ("But before they [file a compassionate-release motion], defendants must at least ask the Bureau of Prisons (BOP) to do so on their behalf and give BOP thirty days to respond.")).

"To implement the First Step Act's expansion of compassionate release, the Bureau of Prisons issued a Program Statement listing the particular factors the BOP should consider to assess whether a request for reduction in sentence presents extraordinary and compelling circumstances. Fed. Bur. of Prisons Program Statement 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18

6

U.S.C. §§3582 and 4205(g)." United States v. Hight, 2020 WL 5653487, *3 (E.D. Pa. Sept. 23, 2020).

In United States v. Williams, 2020 WL 2748287, *2 (E.D. Tenn. May 27, 2020), the court explained the process:

> The BOP has outlined the administrative appeal process. *See* Program Statement No. 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§3582 and 4205(g) (Jan. 17, 2019), https://www.bop.gov/policy/progstat/5050_050_EN.pdf. The BOP Program Statement explains that a prisoner seeking a compassionate release must first file a request with the warden asking the BOP to move for compassionate release on the prisoner's behalf. *See id.* at 3 (citing 28 C.F.R. §571.61).

Rawls replies to the government's assertion that he failed to submit a request for compassionate release to the BOP, and he contends that he did submit an Inmate Request "on or about" September 9, 2020, and thus, exhausted his administrative remedies under §3582(c)(1)(A). Rawls attached as his Ex. 2 to his reply brief a copy of his Request for Administrative Remedy seeking compassionate release from prison and/or reduction of sentence pursuant to the First Step Act and the CARES Act that he allegedly submitted. (Doc. 1411 at 52). There is no indication on Rawls' Request showing that it was received by the Warden at RRC Dismas or by any BOP official. Rawls states that it has been 49 days from the date of his reply brief since he submitted his request to the warden without receiving a response.

While it appears disputed as to whether Rawls submitted an administrative request and whether it was received by the warden, (*see* Doc. 1405-1), it is undisputed that Rawls did not afford the Warden at the Dismas RRC, or any BOP official, 30 days to respond to his purported September 9, 2020 Inmate Request before he filed his instant motion for compassionate release on September 21, 2020. Even accepting Rawls' contention that he submitted his Inmate Request, he could not file a motion with this court prior to October 10, 2020. As such, Rawls' motion for compassionate release is subject to dismissal since he filed it before 30 days passed from the receipt of his request by the warden. *See* United States v. Valentine, 2020 WL 6381456 (M.D. Pa. Oct. 30, 2020). Thus, Rawls failed to comply with the exhaustion requirement before he filed his instant motion compassionate release under 18 U.S.C. §3582(c)(1)(A).

Additionally, Rawls cannot complete the exhaustion of his administrative remedies while his present motion is pending with the court. Similar to an inmate who files a civil rights action who must first exhaust his administrative remedies with the prison before filing his action in federal court, pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. §1997e, and cannot complete the exhaustion process while his action is pending in the court, *see* Banks v. Roberts, 251 Fed.Appx. 774, 775-76 (3d Cir. 2007) (Third Circuit held that an inmate who filed his civil rights complaint in federal court before he completed the BOP administrative remedy appeal process failed to comply with PLRA mandatory exhaustion

requirement, and that "[a] prisoner may not satisfy the PLRA's exhaustion requirement by exhausting administrative remedies after initiating suit in federal court), the court finds that a defendant filing a motion for compassionate release under §3582(c)(1)(A) cannot wait out the 30-day period after he presents his request to the Warden while his motion is pending in the court. *See* Raia, *supra.* "Rather, a defendant must wait 30 days after he submits his request to the Warden before he files his motion for compassionate release with the court." United States v. Rodriguez, 2020 WL 6047564, *4 (M.D. Pa. Oct. 13, 2020). *See also* Valentine, *supra.*

Because Rawls did not wait for 30 days after he allegedly submitted his request to the warden before he filed his instant motion, which is statutorily required, his motion will be dismissed without prejudice for his failure to comply with the exhaustion requirement under §3582(c)(1)(A). *See* United States v. Bogdanoff, 459 F.Supp.3d 653 (E.D. Pa. May 8, 2020).

Therefore, the court finds that Rawls' motion is premature.

Moreover, the court cannot yet determine if Rawls has demonstrated that "extraordinary and compelling reasons" warrant a reduction of his sentence since he has not exhausted his administrative remedies. *See* United States v. Zukerman, 451 F.Supp.3d 329, 332 (S.D. N.Y. 2020) ("in order to be entitled to relief under 18 U.S.C. §3582(c)(1)(A)(i), [defendant] must both meet the exhaustion requirement and demonstrate that 'extraordinary and compelling reasons' warrant a reduction of his sentence."); Raia, 954 F.3d at 597 ("The First Step Act empowers criminal

9

defendants to request compassionate release for 'extraordinary and compelling reasons'" after the defendant exhausts administrative remedies with the BOP.) (citing 18 U.S.C §3582(c)(1)(A)(i)). The Third Circuit in <u>Raia</u>, *id*., also held that defendant's failure to comply with §3582(c)(1)(A)'s exhaustion requirement "presents a glaring roadblock foreclosing compassionate release at this point."

As the Third Circuit in <u>Raia</u>, 954 F.3d at 597, explained, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." (citation omitted). *See also* <u>United States v. Feiling</u>, 453 F.Supp.3d 832, 837 (E.D. Va. 2020) ("the Court agree[d] with the Third Circuit [in <u>Raia</u>] and the district courts cited [in its decision] and will join them in holding that the mere existence of COVID-19 among the prison population and an inmate's susceptibility to it do not justify waiver of the administrative exhaustion requirement under §3582(c)(1)(A).") (string citations omitted of several cases finding that since defendant failed to exhaust the administrative remedies with BOP, the Court does not possess authority to grant relief under §3582(c)(1)(A)(i), even if based on COVID-19, and that §3582(c)(1)(A) provided no authority to waive the exhaustion requirement).

## III.    CONCLUSION

Defendant Rawls' Motion for Compassionate Release and for Release to Home Confinement related to the COVID-19 pandemic, (Doc. 1403), will be **DISMISSED WITHOUT PREJUDICE** for failure to comply with the exhaustion requirement under §3582(c)(1)(A)(i) since he filed his motion before he afforded the Warden 30 days to respond to his alleged request. Further, insofar as Rawls is seeking this court to compel the BOP to find that he is eligible for home confinement designation under the CARES Act, the court will **DISMISS** it since the authority to make this determination lies with the BOP Director and not the court. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: November 17, 2020**
12-194-02

11